UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


KLOECKNER METALS CORPORATION                    CIVIL ACTION

VERSUS                                           NO: 12-1881

BAKER SALES, INC.                                SECTION: "H"(2)


**ORDER AND REASONS**

    Before the Court is an unopposed Motion for Summary Judgment (R. Doc. 14) filed by Plaintiff Kloeckner Metals Corporation.  For the following reasons, the Motion is GRANTED.  The Court enters judgment in favor of Plaintiff and against Defendant Baker Sales, Inc., in the amount of $114,007.48, plus interest at 1.5% per month (18% per annum).  Plaintiff is ordered to submit a memorandum calculating the interest accrued within twenty (20) days of entry of this Order. The Court further enters judgment in favor of Plaintiff and against Defendant in the amount of $7,362.50 for attorney's fees under La. Rev. Stat. 9:2781.

1

**BACKGROUND**

On or about March 25, 2004, Defendant submitted a Credit Account Application for the purchase of steel pipe from MacSteel Service Centers USA, Inc. (now known as Kloeckner, Plaintiff herein).  In accordance with that application, a credit account was created.  The parties entered into five separate sales under the credit account.  The aggregate principal due under those sales is $114,007.48.

Defendant received notice via electronic mail that its account was past due on December 20, 2011, January 2, 2011, and February 6, 2012.  On March 16, 2012, Defendant acknowledged its indebtedness and promised to pay.  On March 26, 2012, Plaintiff made written demand for payment via Federal Express.  Defendant again acknowledged its indebtedness on May 29, 2012, and promised to pay its account upon receipt of additional financing.  On July 11, 2012, Plaintiff made a second written demand for payment, this time via Federal Express overnight delivery.

Plaintiff filed suit on July 19, 2012, to collect the sums due and owing under Plaintiff's account.  Plaintiff also seeks attorney's fees and costs under Louisiana's "Open Account" statute, La. Rev. Stat. 9:2782. Plaintiff filed its Motion for Summary Judgment on November 19, 2012. (R. Doc. 25.)  On February 7, 2013, Defendant informed the Court that it does not plan to file an opposition.  (R. Doc. 17.)

**LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c) (2012). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997). "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof

3

at trial." *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted). "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion." *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

**LAW AND ANALYSIS**

Although Defendant has chosen not to file an opposition, the Court may not simply grant the instant Motion as unopposed since the Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion. *See, e.g.*, *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012); *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); *John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985). Indeed, on a motion for summary judgment, the moving party still "has the burden of establishing that there is no genuine dispute of material fact; and, unless that party does so, a court may not grant the motion, regardless [of] whether any response is filed." *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 550 (5th Cir. 2012) (citing *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)). In this District, however, the failure to file an opposition requires the Court to deem the moving party's statements of

uncontested material facts admitted. *See* L.R. 56.2. Nonetheless, the moving party must still make a *prima facie* showing of its entitlement to judgment. *See Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1999).

Based on Plaintiff's statement of material facts and this Court independent review of the record, there are no genuine disputes of material fact with respect to Plaintiff's breach of contract claim or Plaintiff's entitlement to attorney's fees. Accordingly, the instant Motion is granted.

I.   <u>Whether Defendant Breached its Contract with Plaintiff</u>

For the following reasons, the Court finds that Defendant breached its contract with Plaintiff. Under Louisiana law, a breach of contract claims requires the plaintiff to prove: (1) that the obligor undertook an obligation to perform; (2) that the obligor failed to perform (i.e., the breach); and (3) that the breach caused damages to the obligee. *Favrot v. Favrot*, 68 So. 3d 1099, 1109 (La. Ct. App. 4th Cir. 1991). Here, these elements are not in dispute. The summary judgment record reveals five separate invoices, each of which incorporates Plaintiff's standard terms and conditions of sale. (R. Doc. 14, Ex. B.) The terms of sale require the buyer to pay the purchase price for delivered goods within thirty days of delivery. (R. Doc. 14, Ex. C ¶5.) Defendant breached this contract by failing to remit payment in accordance therewith. (*See* R. Doc. 14-3 ¶7.) Therefore, Plaintiff suffered damages in the amount of $114,007.48, plus interest at 1.5% per month (18% per annum)—the aggregate sum due and owing under the invoices. (*See* R. Doc. 14, Ex. C ¶5.)

II.   <u>Whether Defendant is Entitled to Attorney's Fees</u>

For the following reasons, the Court awards Plaintiff attorney's fees and costs pursuant to Louisiana's Open Account statute. In this diversity case, attorneys' fee awards are governed by Louisiana law. *See Northwinds Abatement, Inc. v. Emp'rs Ins. of Wausau*, 258 F.3d 345, 353 (5th Cir. 2001). Under Louisiana's Open Account statute, a claimant is entitled to attorney's fees against a party who "fails to pay an open account within thirty days after the claimant sends written demand." La. Rev. Stat. § 9:2781(A). An open account "includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions." La. Rev. Stat. § 9:2781(C). Louisiana courts analyze certain factors when determining whether a course of dealings constitutes an open account: "(1) whether there were other business transactions between the parties; (2) whether a line of credit was extended by one party to the other; (3) whether there are running or current dealings; and (4) whether there are expectations of other dealings." *Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 174 (5th Cir. 2007) (citing *Paz v. BG Real Estate Servs., Inc.*, 921 So. 2d 186, 188 (La. Ct. App. 4th Cir. 2005)).

These factors weigh in favor of finding an open account in this case. As discussed *supra*, Defendant ordered steel pipe on credit from Plaintiff over the span of approximately one month. Five separate invoices were generated and the balances thereon are currently due and owing. The outstanding balance at issue in this case is therefore an open account. *See Sandoz v. Dolphin Servs., Inc.*, 555 So. 2d 996, 998 (La. Ct. App. 1st Cir. 1989) (finding an open account where purchase

6

orders were invoiced separately).

Since Defendant failed to remit payment within thirty days of receiving written demand therefor, Plaintiff is entitled to attorneys fees and costs. Justin Chopin—an attorney of record for Plaintiff—attests that his law firm has billed $7,012.50 for legal services in connection with this matter. (R. Doc. 14-11 ¶7.) The firm also incurred court costs of $350.00. (*Id.* at ¶10.) Accordingly, judgment is entered in Plaintiff's favor for attorney's fees in the amount of $7,362.50.

## CONCLUSION

For the reasons previously stated, the Motion is GRANTED. Plaintiff is ordered to submit a memorandum calculating the interest accrued on Defendant's account within twenty (20) days of entry of this Order. The Court will then issue a separate order accepting or denying Plaintiff's calculations.

New Orleans, Louisiana, this 5th day of March, 2013.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE